IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

BEVERLY J. COLLINS,

      Plaintiff,

vs.                                              No. 06-2762-B/V

FIRST TENNESSEE BANK, et al.,

      Defendants.

---

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER DENYING APPOINTMENT OF COUNSEL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

Plaintiff Beverly J. Collins filed a pro se complaint that purports to invoke federal jurisdiction pursuant to, inter alia, 42 U.S.C. § 1983, on November 8, 2006, along with an application seeking leave to proceed in forma pauperis and appointment of counsel. Because Plaintiff's in forma pauperis motion did not provide sufficient financial information to permit the Court to assess whether she was unable to pay the civil filing fee or provide security therefore, the Court issued an order on November 17, 2006 directing Plaintiff, within thirty (30) days, to file an amended in forma pauperis affidavit or remit the civil filing fee. Plaintiff filed another in forma pauperis affidavit on

December 5, 2006. On the basis of the information set forth in that affidavit, the motion for leave to proceed in forma pauperis is GRANTED. The Clerk shall record the defendants as First Tennessee Bank, N.A. ("First Tennessee"); First Horizon Bank ("First Horizon"), an operating subsidiary of First Tennessee; the law firm of Sacharin, Kirkscey & Flexsenhar, which is alleged to be the successor trustee for First Tennessee; and the State of Tennessee, through the Shelby County Chancery Court.

The complaint, which is not clear, appears to concern a dispute between Plaintiff and First Horizon or First Tennessee over payments on a mortgage on Plaintiff's loan. The complaint alleges that, on August 27, 2004, Plaintiff filed a wrongful foreclosure action against First Tennessee and First Horizon in the Shelby County Chancery Court. The complaint alleged "various acts of breach of contract, breach of fiduciary duty, misrepresentation of the servicer, improperly treating loan as default, and improper institution of foreclosure proceedings but the Defendants refused to address these concerns as a matter of law." Compl., ¶ 12. The Shelby County Chancery Court allegedly "abused its discretion by denying the Plaintiff her right to Discovery and to inspect the record for pertinent information." Id., ¶ 13. Instead, on September 29, 2004, the Shelby County Chancery Court allegedly "refused to uphold Plaintiff's Constitutional Rights and Civil Rights." Id., ¶ 11; see also id., ¶ 17. This presumably means that Plaintiff's

lawsuit was dismissed. The complaint does not state whether Plaintiff appealed. The prayer for relief appears to seek a permanent injunction and unspecified money damages.

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Plaintiff's complaint is subject to dismissal in its entirety.

First, Plaintiff cannot obtain any relief against the State of Tennessee. Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits for damages against a state in federal court. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984); Quern v. Jordan, 440 U.S. 332 (1979). Tennessee has not waived its sovereign immunity. Tenn. Stat. Ann. § 20-13-102(a). Therefore, any § 1983 claim for damages against the State of Tennessee, through the Shelby County Chancery Court, is barred by the Eleventh Amendment.

Plaintiff's claim pursuant to 42 U.S.C. § 1983 against the State of Tennessee is also subject to dismissal on the ground that a state is not a person within the meaning of 42 U.S.C. § 1983. Lapides v. Board of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 617 (2002); Will v. Michigan, 491 U.S. 58, 71 (1989).[1]

Plaintiff has no claim against the remaining defendants under 42 U.S.C. § 1983, which provides a right of action against state officials who violate a plaintiff's rights under the U.S. Constitution or federal law. "In order to be subject to suit under § 1983, defendant's actions must be fairly attributable to the state." Collyer v. Darling, 98 F.3d 211, 231-32 (6th Cir. 1997). First Tennessee and First Horizon are not state actors. Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999) ("A § 1983 plaintiff may not sue purely private parties.").

Similarly, private attorneys, such as the law firm defendant, do not act under color of state law for purposes of § 1983. Smith v. Hilltop Basic Res., Inc., 99 F. App'x 644, 646 (6th Cir. 2004); Harmon v. Hamilton County Court of Common Pleas, 83 F. App'x 766, 767 (6th Cir. 2003) ("Here, the defendant attorneys did not act under color of state law as privately retained attorneys, although the acts alleged related to state court litigation."); Otworth v. Vaderploeg, 61 F. App'x 163, 165 (6th Cir. 2003) ("A

---

[1] The complaint does not appear to seek injunctive relief against the State of Tennessee. As no individual state actor has been sued, the doctrine of Ex parte Young, 209 U.S. 123 (1908), is inapplicable. It is also unnecessary to consider the applicability of the Anti-Injunction Act, 28 U.S.C. § 2283.

lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."); Catz v. Chalker, 142 F.3d 279, 289 (6th Cir. 1998); see Polk County v. Dodson, 454 U.S. 312 (1981) (holding that public defender does not act under color of state law for purposes of § 1983); McCord v. Bailey, 636 F.2d 606, 613 (D.C. Cir. 1979) (applying Polk County to retained criminal lawyers).

Finally, although Plaintiff also cites two federal criminal statutes, 18 U.S.C. §§ 242 & 245, as additional bases for jurisdiction, there is no private right of action under these statutes. United States v. Oguaju, 76 F. App'x 579, 581 (6th Cir. 2003); Moore v. Potter, 47 F. App'x 318, 320 (6th Cir. 2002); Duncan v. Cone, No. 00-5705, 2000 WL 1828089, at *1 (6th Cir. Dec. 7, 2000).

Accordingly, the Court lacks subject-matter jurisdiction over this action. The Court DISMISSES the complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted. In addition, the Court DISMISSES the claim for money damages against the State of Tennessee pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must

obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, she may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint for lack of subject-matter jurisdiction also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. Accordingly, if Plaintiff files a notice of

appeal, she must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.[2]

      IT IS SO ORDERED this 22nd day of March, 2007.

                                  s/ J. DANIEL BREEN
                                  UNITED STATES DISTRICT JUDGE

---

[2] Effective April 9, 2006, the appellate filing fee increased from $255 to $455.